CUDAHY, Circuit Judge.
 

 After Faye Lloyd filed for bankruptcy under Chapter 7 of the Bankruptcy Code, the bankruptcy court approved the sale of Lloyd’s real estate, pursuant to 11 U.S.C. § 363, and reserved three acres for Lloyd under the “homestead exemption.” Lloyd appeals from the order authorizing the sale of the property and challenges several findings made by the bankruptcy court during the course of proceedings that led to the sale of her property. We affirm.
 

 I.
 

 Faye Lloyd filed for bankruptcy under Chapter 7 in January 1990. Her estate included 113 acres of agricultural land and wetlands in the Township of Empire, Fond du Lae County, Wisconsin. Over the objection of the trustee, the bankruptcy court determined that Lloyd was entitled to a homestead exemption of three acres, despite the absence of a permanent residential struc
 
 *238
 
 ture on the land. In determining the appropriate amount of land for Lloyd’s homestead exemption, the court found that Lloyd was not a farmer and that three acres was a reasonable amount upon which she could live and keep her two horses. Lloyd was instructed to select a three-acre parcel and inform the trustee of her choice.
 

 Lloyd’s estate was zoned “exclusively agricultural” at the time she filed for bankruptcy.
 
 See
 
 11 U.S.C. § 541 (property of estate determined at time of filing petition). In the Township of Empire, property zoned “exclusively agricultural” was required to contain at least thirty-five acres in order for the construction of a home to be authorized. On the other hand, if the property was zoned “residential,” a home could be constructed on only three acres. At the behest of the bankruptcy court, the trustee applied to the Township of Empire and requested a change in zoning from “agricultural” to “residential” of the land to be selected by Lloyd to satisfy her homestead exemption. Lloyd’s first selection was rejected by the court because it created an undue burden on the remainder of the estate. Her second selection of three “homestead” acres was approved by the bankruptcy court, and the trustee was successful in having these three acres rezoned to “residential.” On July 30, 1992, the bankruptcy court approved the sale of the remainder of the estate to the highest bidder, provided the bid exceeded $75,000. Lloyd’s neighbor bid for and purchased the property for $93,000. Lloyd did not request a stay of the sale pending appeal of the order authorizing the sale of the remaining property.
 

 Lloyd appealed to the district court, challenging the bankruptcy court’s order approving the sale of the land remaining after severance of the three acres selected for Lloyd’s homestead. She also objected to several proceedings leading up to the sale. After the district court affirmed the bankruptcy court, Lloyd appealed to this court, arguing that the bankruptcy court did not have the right to sever the “homestead” land or to order the trustee to have it rezoned (nor did the trustee have the right to pursue the rezoning). Lloyd also argues that the sale of the remaining land was improper. Lloyd’s brief was initially filed
 
 pro se,
 
 and we appointed an amicus curiae to assist in this appeal.
 

 II.
 

 A. Mootness
 

 As an initial matter, when a party challenges a bankruptcy court’s order authorizing the sale of estate property to a good faith purchaser, it must obtain a stay pending appeal or the appeal becomes moot once the sale is made.
 
 In re CGI Indus., Inc.,
 
 27 F.3d 296 (7th Cir.1994);
 
 In re Memorial Estates, Inc.,
 
 950 F.2d 1364, 1368-69 (7th Cir.1991),
 
 cert. denied,
 
 — U.S. -, 112 S.Ct. 2969, 119 L.Ed.2d 589 (1992);
 
 Duncan v. Farm, Credit Bank,
 
 940 F.2d 1099 (7th Cir.1991);
 
 see
 
 11 U.S.C. § 363(m). The sale to a good faith purchaser is final, and we will not annul it.
 
 See
 
 11 U.S.C. § 363(m). Lloyd did not request a stay pending appeal, and the sale of the land remaining after severance of the “homestead” land took place as scheduled. As a result, her claim for the return of the land sold is moot.
 

 But Lloyd’s inability to recover the land sold does not render the entire appeal moot because the Wisconsin homestead exemption applies to and follows the proceeds of the sale.
 
 See
 
 Wis.Stat. § 815.20 (“the [homestead] exemption shall not be impaired ... by the sale of the homestead, but shall extend to the proceeds derived from the sale to an amount not exceeding ... $40,000, while held with the intention to procure a homestead with the proceeds”). At oral argument the trustee informed us that the proceeds from the sale of the land remaining after severance of the “homestead” had not been distributed and were being held pending the outcome of this case. Thus, Lloyd’s assertion that she should recover from the proceeds the value of land that she claims was improperly sold is not moot.
 

 B. Rezoning of the land
 

 Lloyd argues that the trustee did not have the authority to have her land rezoned and that Lloyd’s “lifestyle” required that her land remain zoned as exclusively “agricultural.” Her first objection is to the bankruptcy court’s refusal to grant her sta
 
 *239
 
 tus as a farmer. The court found that Lloyd was “primarily employed as a psychotherapist and [was] not in the business of boarding horses.” R. at 14. This court reviews the bankruptcy court’s findings of fact, here the determination that Lloyd was not a farmer, for clear error. Bankruptcy Rule 8013;
 
 In re Yonikus,
 
 974 F.2d 901, 903 (7th Cir.1992). Lloyd contends that she has always considered herself to be a farmer. The record, however, indicates that, although she may have taken crops off the land in earlier years, at the time she filed her petition, she did not derive a substantial part of her income from farming. Other than through the sale of a mare and by participation in the Conservation Reserve Program, Lloyd had not been engaged in farming activities. The bankruptcy court’s finding is not clearly erroneous.
 

 Having found that Lloyd was not a farmer, the bankruptcy court proceeded to determine how much land to allow for Lloyd’s homestead exemption.
 
 See
 
 11 U.S.C. § 522(b)(2); Wis.Stat. § 815.20. In that connection, Wisconsin’s homestead exemption statute provides:
 

 The word “homestead” means the dwelling and so much of the land surrounding it as is reasonably necessary for use of the dwelling as a home, but not less than one-fourth acre (if available) and not exceeding forty acres.
 

 Wis.Stat. § 990.01(13). The court then determined that, because Lloyd was not a farmer, three acres was a reasonable amount upon which she could construct a residence and keep her two horses. Lloyd’s only objection to the amount of land allocated is with respect to the limitations this allocation places on her farming activities. The bankruptcy court’s finding is not clearly erroneous.
 

 After determining that Lloyd’s homestead exemption should consist of three acres of land, the court learned that Lloyd would not be permitted under the zoning laws to construct a residence on three acres of exclusively “agricultural” land. The court directed the trustee to obtain a zoning change in order to bring her plans for a homestead into compliance with local law and regulations. Without the change Lloyd would not have been permitted to build a residence; this would defeat the purpose of the homestead exemption—to provide the debtor with a home. The piece of property designated for Lloyd’s homestead exemption had to meet the specifications permitting her to reside on it.
 

 Lloyd’s primary objection to the court’s disposition of the case is that the zoning designation, “residential,” unduly limits her in the use of the land. She asserts that the change in zoning has prevented her from engaging in farm-like activities. But Lloyd does not have an entitlement to carry on farm-like activities on her homestead-exempt property. The issue is the amount of land reasonably necessary for a home, not whether Lloyd should be enabled to carry on farming activities on her land.
 
 Farm Credit Bank v. Gibson,
 
 155 Wis.2d 325, 455 N.W.2d 674 (Ct.App.1990) (one acre reasonably necessary for homestead of construction worker even though he worked a portion of the land). Once the court determined that Lloyd was not a farmer, it was not required to consider the extent to which she would be able to continue farming activity.
 

 The amicus contends that a determination of Lloyd’s status as a farmer is not disposi-tive of the question concerning the amount of land to which she was entitled. The amicus argues that the bankruptcy court and the trustee did not have the authority to have the exempt property rezoned, and because thirty-five acres was necessary to build a home on the property as zoned, Lloyd should have received thirty-five acres. This solution would have been in compliance with the Wisconsin definition of “homestead,” that allows “not less than 0.25 acre ... and not exceeding 40 acres.” Wis.Stat. § 990.01(13). In other words, the amicus contends that the court could have granted a homestead exemption that left the zoning intact. Then, under Wisconsin law, the court should have given Lloyd thirty-five acres.
 

 The Wisconsin homestead statute, expressing a strong public policy, is liberally construed in favor of debtors.
 
 In the Matter of Neis,
 
 723 F.2d 584, 587 (7th Cir.1983). For example, in
 
 In re Mann,
 
 82 B.R. 981 (Bankr.W.D.Wis.1986), the bankruptcy
 
 *240
 
 court allowed the debtors to claim two parcels of land as a homestead exemption even though one had been originally purchased for business reasons. The court concluded that the debtors had intended to use both parcels as a homestead.
 
 Id.
 
 at 984. But in this case, Lloyd is not being deprived of her entitlement. The bankruptcy court balanced the need to comply with Wisconsin’s homestead exemption statute against the requirement to make the estate available to creditors, and determined that three acres was sufficient. In order to effectively grant Lloyd the exemption, the court sought to have the property brought into compliance with local law permitting the construction of a home.
 

 Other bankruptcy courts have addressed the problem of exemptions being in tension with state law or local law. Where a homestead exemption is a state constitutional right, that right may not be denied or frustrated by a zoning change brought about by local government.
 
 In re Webb,
 
 121 B.R. 827 (Bankr.E.D.Ark.1990) (court allowed homestead exemption although property claimed was zoned as commercial);
 
 In re Dudeney,
 
 159 B.R. 1003 (Bankr.S.D.Fla.1993) (in allowing debtor to declare two contiguous lots as a homestead, court found that zoning laws are not determinative of the homestead exemption).
 
 See In re Makarewicz,
 
 130 B.R. 620 (Bankr.S.D.Fla.1991) (debtor rented out portions of property that was zoned as a single family residence with no possibility of legally severing property and whole property was allowed as homestead);
 
 In re Kuver, 70
 
 B.R. 190 (Bankr.S.D.Fla.1986) (creating new divisibility test in allowing entire duplex to be exempt where duplex was divisible but not lawfully marketable under zoning laws). On the other hand, where state law limits the size or value of a homestead exemption, bankruptcy courts have been unwilling to increase the size of the homestead in order, ostensibly, to comply with local zoning laws.
 
 In re Englander,
 
 156 B.R. 862 (Bankr.M.D.Fla.1992) (zoning laws prevented the subdivision and sale of the non-exempt land and rather than allow larger exemption, court ordered sale of property and apportionment of proceeds).
 

 The trustee is the representative of the estate, 11 U.S.C. § 323, and is charged with liquidating the property of the estate as expeditiously as is compatible with the best interests of the parties in interest. 11 U.S.C. § 704. The bankruptcy court’s equitable powers, found in 11 U.S.C. § 105, enable the court “to issue any order, process, or judgment that is necessary or appropriate to carry out provisions” of the Code. 11 U.S.C. § 105(a). These powers may be exercised only “within the confines of the Bankruptcy Code.”
 
 Norwest Bank Worthington v. Ahlers,
 
 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). The bankruptcy court does not have “free-floating discretion,” to create rights outside the Code,
 
 In the Matter of Chicago, Milwaukee, St. Paul and Pacific R.R. Co.,
 
 791 F.2d 524, 528 (7th Cir.1986), but the court may exercise its equitable powers in a manner consistent with the Code.
 
 In re SPM Mfg. Corp., 984 F.2d
 
 1305, 1311 (1st Cir.1993).
 

 The bankruptcy court sought to grant Lloyd a homestead exemption. It determined an appropriate amount of land to which she was entitled. This is a finding that we will not reverse absent clear error. It then exercised its equitable powers to ensure that the exemption was usable for the purpose of constructing a residence. The bankruptcy court here could have ordered the sale of the entire parcel and awarded Lloyd certain proceeds of the sale,
 
 In re Wierschem,
 
 152 B.R. 345 (Bankr.M.D.Fla.1993);
 
 Englander,
 
 156 B.R. 862;
 
 O’Brien v. Heggen,
 
 705 F.2d 1001 (8th Cir.1983), but instead it allowed her to stay on the land. By authorizing a relatively simple change in the zoning, the bankruptcy court could grant Lloyd an adequate homestead and at the same time give due consideration to the interests of the creditors by exempting only enough property to meet Lloyd’s entitlement. The court carefully adhered to the prescriptions of the Code and did not overstep the bounds of its very considerable equitable powers. Of course, if the rezoning itself were improper under state or local law, the zoning decision of the Township could have been appealed.
 

 AFFIRMED.