105 F.3d 837
 37 Collier Bankr.Cas.2d 632, 30 Bankr.Ct.Dec. 350,
Bankr. L. Rep. P 77,278, 41 U.S.P.Q.2d 1636
 In re Paolo GUCCI, Debtor.
LICENSING BY PAOLO, INC., Paolo Gucci Design Studio, Ltd.
and Trackwise Sales Corporation and Orologi Paolo,
Inc., Appellants,
v.
Frank G. SINATRA, as Trustee of the Substantively
Consolidated Estates of Paolo Gucci, et al.,
Guccio Gucci, S.P.A. and Gucci America,
Incorporated, Appellees.
 Docket Nos. 96-5138(L), 96-5142(CON), 96-5144(CON),
96-5146(CON) and 96-3133(CON).
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 3, 1996.
Decided Jan. 30, 1997.
 
 Melvin Goldstein, Goldstein & Claxton, Washington, D.C., for appellants Licensing By Paolo, Inc. and Paolo Gucci Design Studio, Ltd.
 Michael S. Kimm, Hackensack, NJ, for appellant Trackwise Sales Corp.
 Allan C. Samuels, Kenneth Greenwald, Parker Duryee Rosoff & Haft, New York City, for appellant Orologi Paolo, Inc.
 Jonathan L. Flaxer, Winick & Rich, for appellee Frank G. Sinatra, Trustee.
 Robert Serio, Gibson, Dunn & Crutcher, New York City, for appellees Guccio Gucci, S.p.A.; and Gucci America, Incorporated.
 David R. Kittay, Kittay, Gold & Krebsbach, White Plains, NY, for the Creditors' Committee.
 Before: NEWMAN, Chief Judge, OAKES and WINTER, Circuit Judges.
 JON O. NEWMAN, Chief Judge:
 
 
 1
 On this motion to dismiss an appeal involving a bankruptcy sale, we write to alert district judges to a major and perhaps unappreciated significance of their action, after denying a stay pending appeal, in denying even a one-day stay to permit a party to seek a stay pending appeal from the Court of Appeals. This matter arises on a motion to stay a bankruptcy sale order pending appeal and a cross-motion to dismiss the appeal as moot. The motion to dismiss presents the issue of whether and to what extent our appellate jurisdiction remains to review a bankruptcy court order for the sale of a debtor's assets when the district court has denied an application to stay the sale pending appeal and the sale has closed before the appeal is heard. We hold that pursuant to Bankruptcy Code § 363(m) we have no jurisdiction to review an unstayed sale order once the sale occurs, except on the limited issue of whether the sale was made to a good faith purchaser.
 
 Facts
 
 2
 On October 15, 1996, Bankruptcy Judge Gallet entered an order authorizing the Chapter 11 trustee (the "Trustee") for the estate of Paolo Gucci et al., to sell Paolo Gucci trademark and licensing rights to appellees, Guccio Gucci, S.p.A. and Gucci America Inc. The appellants, Trackwise Sales Corporation, Licensing by Paolo, Inc. ("LBP") and Paolo Gucci Design Studio, Ltd. ("PGDS") immediately sought a stay pending appeal of Judge Gallet's order to the District Court. Judge Gallet denied the stay, but delayed the sale to afford the appellants a brief interval to seek a stay in the District Court. After initially expediting the appeal to the District Court, Chief Judge Griesa, at a hearing on November 21, 1996, affirmed Judge Gallet's sale order, and declined to stay the sale order pending further appeal to this Court, finding that the appellants had little likelihood of success on the merits. In a further ruling the same day, one that has now assumed critical importance, Chief Judge Griesa also denied even a brief stay to enable the appellants to seek from this Court a stay pending appeal.
 
 
 3
 The appellants then expeditiously moved in this Court for an emergency stay pending panel consideration of a motion for a stay pending appeal. Under our Court's usual practice, the emergency motion was treated as one-judge motion and granted by Judge Leval on November 22, 1996. However, hours before he acted, the sale was consummated by the conveyance of the assets and a wire transfer of funds. On December 3, 1996, this panel heard the appellants' motion for a stay pending appeal and the appellees' cross-motion to dismiss the appeal as moot because the sale had closed prior to the filing of Judge Leval's stay order. We continued the emergency stay to afford us a brief opportunity to consider the argued motions, reserved decision on those motions, and expedited the appeal.
 
 
 4
 The next day, we filed an order denying as moot the motion for a stay pending appeal "[s]ince the sale closing has occurred, whether or not some funds remain to be paid." Licensing by Paolo, Inc. v. Sinatra (In re Paolo Gucci), No. 5138 (2d Cir. Dec. 4, 1996). That order recited that it ended the emergency stay previously entered by Judge Leval and briefly extended by the panel. Id. The same order also granted in part the appellees' motion to dismiss the appeal as moot, except to the extent that an appeal is available on the limited issue of whether the property was sold to a good faith purchaser. Id. We also ordered, in aid of our appellate jurisdiction, that the appellees not destroy any property acquired pursuant to the sale, pending disposition of the appeal. The Trustee had previously agreed at the December 3 argument on the motions not to disburse proceeds of the sale, pending the appeal.
 
 
 5
 On December 13, 1996, we denied appellants' petition for rehearing, but clarified our prior order to include in the issue of good faith the question of whether the purchaser in good faith was unaware that the sale included post-petition property. Licensing by Paolo, Inc. v. Sinatra (In re Paolo Gucci), No. 96-5138 (2d Cir. Dec. 13, 1996). We also stated that our prior order should be understood to be without prejudice to whatever claims might be asserted against the Trustee for sale of post-petition property. Id. Finally, we stated that we would issue an opinion explaining the reasons for the December 4 order. Id.
 
 Discussion
 
 6
 Our appellate jurisdiction over an unstayed sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser. See 11 U.S.C. § 363(m); United States v. Salerno, 932 F.2d 117, 123 (2d Cir.1991). Section 363(m) provides:
 
 
 7
 The reversal or modification on appeal of an authorization ... of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 
 
 8
 11 U.S.C. § 363(m). Though this provision in terms states only that an appellate court may not "affect the validity" of a sale of property to a good faith purchaser pursuant to an unstayed authorization, and can even be read to imply that an appeal from an unstayed order may proceed for purposes other than affecting validity of the sale, courts have regularly ruled that the appeal is moot. See, e.g., Ewell v. Diebert (In re Ewell), 958 F.2d 276, 280 (9th Cir.1992); AnheuserBusch, Inc. v. Miller (In re Stadium Management Corp.), 895 F.2d 845, 847 (1st Cir.1990); Cargill, Inc. v. Charter International Oil Co. (In re The Charter Co.), 829 F.2d 1054, 1056 (11th Cir.1987). As one court reasoned, the appeal is moot because "the court has no remedy that it can fashion even if it would have determined the issues differently." Stadium Management, 895 F.2d at 847; see The Charter Co., 829 F.2d at 1056.[1] Thus, regardless of the merit of an appellant's challenge to a sale order, we may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted.
 
 
 9
 We have recognized that a rule limiting appellate jurisdiction over unstayed sale orders to the issue of good faith furthers the policy of finality in bankruptcy sales, Salerno, 932 F.2d at 123, and assists the bankruptcy court to secure the best price for the debtor's assets. Id. This limitation of the issues on appeal generally is warranted where an appellant did not seek a stay pending appeal, as was the case in Salerno, id. at 122, and reflects the view that an appellant is rightly burdened with the risks associated with challenging a sale authorization when that appellant did not first seek to stay the sale, see Official Committee of Unsecured Creditors of LTV Aerospace and Defense Co. v. Official Committee of Unsecured Creditors of LTV Space Co. (In re Chateaugay Corp.), 988 F.2d 322, 326 (2d Cir.1993). The limitation also recognizes that this Court may be powerless to undo or rewrite the terms of the consummated sale. See Salerno at 123.
 
 
 10
 Yet even where an appellant timely moves to stay a judicially-authorized sale, a district court's denial of that motion will similarly limit the issues on appeal. Although an appellant's challenge to a sale authorization might raise meritorious arguments, a district court's denial of a requested stay has the effect of precluding this Court from reviewing those issues, other than the good faith of the purchaser, if the sale has closed in the interim. It therefore becomes important for district judges to appreciate the special consequences of denying a stay of a bankruptcy sale, even a very brief stay to permit this Court time to consider whether it believes a stay pending appeal is warranted. We do not mean to imply that district courts should routinely grant stays pending appeal, or even routinely grant brief stays to permit this Court to consider granting such stays. There may well be substantial reasons for closing a sale promptly and assuring a good faith buyer that the sale cannot be undone. Our point is simply that, in this age of wire fund transfers, a district judge deciding whether to stay a bankruptcy sale pending appeal or pending appellate consideration of such a stay, should be aware that a closing occurring immediately after a stay is denied will substantially limit the scope of an appeal.
 
 Conclusion
 
 11
 In accordance with the orders issued by this Court on December 4 and December 13, 1996, we reconfirm that the appellants' motion for a stay pending appeal has been dismissed as moot, and the appellees' motion to dismiss the appeal as moot has been granted except to the extent that the appeal challenges the good faith status of the purchaser of the debtor's assets.
 
 
 
 [1]
 It is not entirely clear why an appellate court, considering an appeal from an unstayed but unwarranted order of sale to a good faith purchaser, could not order some form of relief other than invalidation of the sale. See, e.g., In re Lloyd, 37 F.3d 271, 273 (7th Cir.1994) (claim for return of land moot, but court may consider claim that proceeds are subject to homestead exemption). In any event, whatever other relief might be available could presumably be pursued in the bankruptcy court by those entitled to such relief