206 B.R. 643 (1997)
In re ZAHN FARMS, Debtor.
In re Donald W. ZAHN, Debtor.
In re Herman L. ZAHN, Debtor.
ZAHN FARMS, Appellant,
v.
KEY BANK OF NEW YORK, Appellee.
Bankruptcy Nos. 96-13693, 96-13749 and 96-13750, B.A.P. No. 97-50014.
United States Bankruptcy Appellate Panel of the Second Circuit.
March 28, 1997.
*644 Antonucci & Fintel, L.L.P. by David P. Antonucci, Watertown, NY, for Appellant.
Hiscock & Barclay, L.L.P. by J. Eric Charlton, Syracuse, NY, for Appellee.
Before CONRAD, HARDIN[*] and KAPLAN, Bankruptcy Judges.

MEMORANDUM AND ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL
This is an "Emergency Motion for an Order Pursuant to FRBP 8005 for Stay Pending Appeal."
The Order that is the subject of the appeal was entered on February 28, 1997, by the U.S. Bankruptcy Court for the Northern District of New York (Hon. Robert E. Littlefield, Jr., U.S.B.J.). That Order denied the Debtors' motion seeking the "reinstatement" of the 11 U.S.C. § 362(a) stay. By virtue of that Order, creditor Key Bank, has pursued its rights to realize upon the collateral securing the Debtors' obligations to Key Bank. The collateral consists of the real and personal property that comprises the Debtors' farm, in Rutland, New York.
The Debtors recite that their efforts to reimpose the stay are occasioned by the prospect of a sale of certain assets, which they are in the process of negotiating, and which would permit them to fund a confirmable Chapter 12 Plan.
Apparently, foreclosure of the mortgages and replevin of the encumbered personalty are threatened (as discussed later), and if they are not stayed, the Debtors will lose the opportunity to save their farm.
They argue that the Court below erred in failing, inter alia, to grant them an evidentiary hearing regarding several issues raised by their Motion.
This Panel is not unmindful of the Second Circuit's admonition, in the case of Licensing by Paolo, Inc. et al. v. Sinatra, et al. (In re Paolo Gucci), 105 F.3d 837 (2d Cir.1997), that "in this age of wire fund transfers, a [reviewing judge] deciding whether to stay a bankruptcy sale pending appeal or pending appellate consideration of such a stay, should be aware that a closing occurring immediately after a stay is denied will substantially limit the scope of an appeal." Id. at 840. The same admonition would, of course, apply to a request like that here, for stay of a foreclosure sale or a secured creditor's sale.
We are of the view that we may not consider the merits of the request for a stay pending appeal, because by their own admission, the Debtors have not complied with the duty imposed by FRBP 8005 to present the request for stay first to the bankruptcy judge from whose order the appeal is taken. Although that provision states that that is the "ordinary" procedure, and therefore permits exceptions, we do not believe that any exception applies here.
*645 The Debtors argue that they did not present the current request to Judge Littlefield "because the relief requested in the Order to Show Cause dated February 3, 1997, seeking to reinstate the automatic stay is virtually identical to the relief requested herein."
What that argument ignores is that the standards governing requests for stay pending appeal are different from the standards governing requests for injunction. A request to "reinstate" the § 362(a) stay is, in fact, a request for an injunction and should meet the standards therefor.[1] Having elected not to present this Motion to the trial court, the Debtors have denied this Panel the benefit of the views of the Judge who is familiar with the issues pertaining to any purported emergency.
To further confound our ability to weigh the merits, the Debtors have ignored FRBP 8011(d), governing emergency motions such as this. It requires "an affidavit setting forth the nature of the emergency" and other representations. Here, the closest that the Motion comes to reciting any emergency is in paragraphs 29 and 30 which suggest that at some unspecified point in the future a foreclosure sale and a sale of personalty will occur.
The Motion is denied because the Debtors failed to comply with FRBP 8005 and 8011(d).
It is SO ORDERED.
NOTES
[*] Judge Hardin did not participate in consideration of this matter. The other two Panel members being in concurrence, they have decided this matter pursuant to FRBP 8011(e).
[1] In fact, although it appears from the exhibits that the court below does entertain requests to reinstate the § 362(a) stay by Motion or by Application for an Order to Show Cause, we believe that the matter is governed instead by FRBP 7001(7), and requires an Adversary Proceeding.