In re WHISTLER CORPORATION OF MASSACHUSETTS, Debtor.

Cincinnati Microwave, Inc., Appellant,

v.

Joseph H. Baldiga, Chapter 7 Trustee of Whistler Corporation of Massachusetts J & J Marketing, Inc. and United States Trustee, Appellees.

Nos. 99–43575–HJB, Civ.A. 99–40175–JLT.

United States District Court, D. Massachusetts.

Jan. 13, 2000.

C. Hall Swaim, Hale & Dorr, Boston, MA, Dennis L. Jenkins, Hale & Dorr, Boston, MA, for Whistler Corporation of Massachusetts, debtor.

Christopher J. Panos, Craig & Macauley, P.C., Boston, MA, Edmund J. Adams, Frost & Jacobs, Cincinnati, OH, for George W. Fels, Cincinnati Microwave, Inc.

Van Oliver, Andrews & Kurth LLP, Dallas, TX, for J & J Marketing, Inc., appellee.

Christine E. Devine, Mirick, O'Connell, DeMallie & Lougee, LLP, Worcester, MA, Van Oliver, Kirk A. Kennedy, Andrews & Kurth LLP, Dallas, TX, for Joseph H. Baldiga.

## MEMORANDUM

TAURO, District Judge.

Appellees move pursuant to Fed. R.Bankr.P. 8007(c) and 8011(d) to dismiss this appeal of the Bankruptcy court's said order, arguing that Bankruptcy Code § 363(m), 11 U.S.C. § 363(m), precludes appellate review of the sales order because Appellant failed to stay the subsection (b), 11 U.S.C. § 363(b), sale pending appeal. For reasons set forth below, the motion is ALLOWED.

### I.

Appellant is the liquidating trustee of Cincinnati Microwave, Inc. ("Cincinnati"). Appellees are the chapter 7 trustee of Whistler Corporation of Massachusetts

("Whistler") and J & J Marketing, Inc. ("J & J"). The Debtor is Whistler, a manufacturer of radar detection and other products.

Whistler filed for chapter 11 bankruptcy in May 1999. In September 1999, the Bankruptcy court converted the chapter 11 proceedings to proceedings under chapter 7. In August 1999, Whistler's trustee moved the Bankruptcy court to authorize the sale of Whistler's radar division and approve certain attendant sales procedures. Cincinnati (and others) objected to the motion, arguing that the Bankruptcy court could not authorize the sale of the radar division free and clear of Cincinnati's patent infringement claims against Whistler, which Cincinnati was pursuing in prepetition litigation. On August 10, 1999, the Bankruptcy court allowed Whistler's motion in accordance with Bankruptcy Code § 363(b), 11 U.S.C. § 363(b), approving the proposed sales procedures and, after a bidding process pursuant to those procedures, authorizing the sale of Whistler's radar division to J & J for $8.8 million free and clear of Cincinnati's patent infringement claims. On September 3, 1999, the sale of the radar division was consummated. On September 10, 1999, having never sought a stay of the sale, Cincinnati's liquidating trustee appealed the Bankruptcy court's sales order to this court.

## II.

■ Section 363(m) of the Bankruptcy Code states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). The general rule of section 363(m) is that the failure of the Appellant to stay the subsection (b) bankruptcy sale to a "good faith" purchaser pending its appeal precludes appellate review of the Bankruptcy court's sales order upon which the subsection (b) sale was based. *See Jeremiah v. Richardson*, 148 F.3d 17, 23 (1st Cir.1998); *In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir.1993). "Absent a stay, the court must dismiss a pending appeal as moot because the court has no remedy that it can fashion even if it would have determined the issues differently." *In re Stadium Mgmt. Corp.*, 895 F.2d 845, 847 (1st Cir.1990). The Bankruptcy court found that J & J purchased Whistler's radar division in good faith, *see* Sales Order ¶ O, at 7, and Appellant does not now challenge J & J's good faith status. Applying the general rule of section 363(m), then, section 363(m) proscribes this court's review of the Bankruptcy court's sales order, and Appellees' motion to dismiss consequently would be allowed.

■ Appellant argues, however, that section 363(m) is inapplicable to this case because the relief Appellant seeks would not affect the "validity" of the subsection (b) sale. A minority of courts recognize a limited exception to the general proscription of section 363(m). *See Krebs Chrysler–Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir.1998); *In re BCD Corp.*, 119 F.3d 852, 856 (10th Cir. 1997); *Matter of Lloyd*, 37 F.3d 271, 273 (7th Cir.1994). Courts in these jurisdictions will not dismiss the appeal of a Bankruptcy court's sales order pursuant to section 363(m) if the court is able to afford the appellant a "measure of effective relief" that would not affect the "validity" of the sale, even though the appellant failed to stay the sale to a good faith purchaser. *Krebs Chrysler–Plymouth, Inc.*, 141 F.3d at 499. In *Matter of Lloyd*, the Seventh circuit thus reached the merits of the appellant's appeal of the Bankruptcy court's sales order because the appellant might recover from the sale's proceeds, which

had not been fully distributed, despite the appellant's failure to stay the sale. *See* 37 F.3d at 273. *Accord In re BCD Corp.*, 119 F.3d at 856 (refusing to dismiss appeal where proceeds of sale had not been distributed). The First circuit has not ruled definitively whether it recognizes the "measure of effective relief" exception to section 363(m). *But see Pittsburgh Food & Beverage, Inc. v. Ranallo*, 112 F.3d 645, 651 (3d Cir.1997) (reading *In re Stadium Mgmt. Corp.*, 895 F.2d at 847, to adopt a *per se* rule of proscription). Recent decisions of the First circuit suggest that it does not. *See, e.g., Jeremiah*, 148 F.3d at 23; *In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d at 8; *In re Stadium Mgmt. Corp.*, 895 F.2d at 847.

Assuming *arguendo* that the First circuit would recognize the "measure of effective relief" exception to section 363(m), Appellant's argument nonetheless must fail. Appellant asks the court to strike that portion of the Bankruptcy court's sales order declaring that J & J takes Whistler's radar division "free and clear" of Appellant's patent infringement claims.[1] But a modification of this kind necessarily would affect the "validity" of the sale of Whistler's radar division to J & J. "It is axiomatic that one cannot challenge a central element of a purchase without challenging the validity of the sale itself." *In re Stadium Mgmt. Corp.*, 895 F.2d at 849 (rejecting contention that adding "stay put" provision to sales order would not affect "validity" of sale since "such relief would change the deal that the purchaser made"). Modifying the sales order to deprive J & J of the bar against successor liability unquestionably would affect the value of J & J's purchase and, in turn, the deal that J & J made. *See Krebs Chrysler-Plymouth, Inc.*, 141 F.3d at 499 (finding that modification of sales order affecting sale price affects "validity" of sale). Section 363(m) precludes this court's review of the Bankruptcy court's sales order,

therefore, even if the First circuit would recognize the "measure of effective relief" exception. Appellees' motion to dismiss accordingly must be allowed.

### III.

For the foregoing reasons, the court concludes that Bankruptcy Code § 363(m), 11 U.S.C. § 363(m), precludes appellate review of the Bankruptcy court's sales order. Appellees' motion to dismiss is ALLOWED.

AN ORDER SHALL ISSUE.

---

**1.** Appellant does not seek an equitable distribution of the proceeds of the sale of Whistler's radar division to J & J ostensibly because those proceeds already have been fully distributed. *See* Appellees' Memorandum at 8.