■ WILLIAM FINDLAY FINE ART et al., Appellants, v MICHAEL FINDLAY et al., Respondents, et al., Defendant. [717 NYS2d 535] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered September 27, 1999, unanimously affirmed for the reasons stated by Gruner Gans, J., with costs and disbursements. No opinion. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.

■ YORK HOLDINGS, L. L. C., Respondent, v ELIZABETH SHAFRAN et al., Appellants. [719 NYS2d 1] —Appeal from order, Supreme Court, New York County (Paula Omansky, J.), entered June 22, 1999, which, *inter alia*, denied defendant's motion to vacate a judgment of foreclosure and sale, unanimously dismissed as moot, without costs.

Subsequent to the issuance of the presently appealed order, the property that was the subject of the disputed judgment of foreclosure and sale was sold at auction and that sale was confirmed in an Order of Confirmation issued by the Bankruptcy Court. The Order of Confirmation, from which defendant debtor took no appeal (*see*, 11 USC § 363 [m]) and which she did not timely seek to have set aside upon the ground that it had been fraudulently obtained (*see*, 11 USC § 1144), conclusively bars any further challenge by defendant to the authorization for the sale of the subject property (*In re Maxwell Communication Corp.*, 93 F3d 1036, 1044; *In re Oyster Bay Cove*, 161 Bankr 338, 343, *affd* 196 Bankr 251), regardless of any potential merit to such challenge (*In re Gucci*, 105 F3d 837, 840, *cert denied sub nom. Gucci Design Studio v Sinatra*, 520 US 1196). This comports with the policy of finality in bankruptcy sales (*see*, *United States v Salerno*, 932 F2d 117, 123). Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.