MURPHY, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s conclusion that this appeal is moot. The majority errs in concluding that the commingling of the sale proceeds with the rest of the bankruptcy estate’s funds renders it impossible for the court to grant effective relief. See Golfland Entm’t Ctrs, Inc. v. Peak Inv., Inc. (In re BCD Corp.), 119 F.3d 852, 856 (10th Cir.1997).
An appeal is moot and must be dismissed when it is “impossible for the court to grant any effectual relief whatever to a prevailing party.” Osborn v. Durant Bank & Trust Co. (In re Osborn), 24 F.3d 1199, 1203 (10th Cir.1994) (quotation omitted). “The party asserting mootness has a heavy burden to establish that there is no effective relief remaining for a court to provide.” Focus Media, Inc. v. Nat’l Broad. Co. (In re Focus Media, Inc.), 378 F.3d 916, 923 (9th Cir.2004) (quotation and alteration omitted). In the present case, the Creditor’s Committee claims the appeal is moot because the proceeds from the sale of the TBAs have been commingled with the other funds of the estate.
Because the Bankruptcy Code prohibits courts from affecting the validity of an asset sale unless the sale is stayed pending appeal, an appeal seeking only the reversal of an asset sale where no stay was obtained will be dismissed as moot. See 11 U.S.C. § 363(m). When it is possible to grant some other type of effective relief that does not affect the validity of the sale, however, an appeal is not moot. In re BCD Corp., 119 F.3d at 856. Here, as an alternative to setting aside the sale of the TBAs to Freightliner, Central seeks a monetary payment from the sale proceeds as compensation for the loss of the TBAs. “In the context of bankruptcy, any analysis of mootness must consider not only the remedies available under the Bankruptcy Code but also those that may be available under state law.” In re Osborn, 24 F.3d at 1203. This court has therefore recognized, for instance, that monetary relief may be available under constructive trust principles. See, e.g., In re BCD Corp., 119 F.3d at 857; In re Osborn, 24 F.3d at 1204. The availability of such relief depends primarily upon whether the proceeds from the sale have been distributed. See In re BCD Corp., 119 F.3d at 857 (noting that the possibility of relief exists because “here the sale proceeds have not been disbursed”).
Despite this precedent, the majority takes the position that commingling, not disbursement, is the decisive factor. Majority Op. at---. In contrast to the majority’s conclusion, the commingling of funds, by itself, does not remove the possibility of effective relief. See In re BCD Corp., 119 F.3d at 856. Nor is the majority’s approach supported by relevant case law. The majority’s reliance on In re Lloyd, cited in In re BCD Corp., 119 F.3d at 856, overlooks language in that opinion suggesting that distribution, not commingling renders an appeal moot. Compare In re Lloyd, 37 F.3d 271, 273 (7th Cir.1994) (concluding that an appeal challenging the sale of land was not moot because “the trustee informed [the court] that the proceeds from the sale of the land remaining *58 after severance of the ‘homestead’ had not been distributed and were being held pending the outcome of this case”), with Majority Op. at-(citing In re Lloyd in support of proposition that commingling is key in question of mootness). Indeed, the factors cited by the majority in support of its conclusion actually suggest that disbursement, not commingling, is determinative. See Majority Op. at - (listing factors). The majority indicates that the segregation of funds is necessary to put the parties on notice that the sale is not yet final. See id. Unless an asset sale is stayed pending appeal, however, the sale is final and cannot be reversed. 11 U.S.C. § 368(m). For this reason, the majority’s concern that “[ajllowing the proceeds of a sale to pass to a third party absent a stay or segregation of funds fails to place parties on notice” that a sale is not yet final, is irrelevant to the question before this court. Majority Op. at -. The majority also expresses concern over the finality of the bankruptcy estate’s payments to creditors. Id. Again, it is disbursement, not commingling, that finalizes payments. If funds are still available, there is no risk of upsetting any payments to creditors because those creditors have not been paid. This is true regardless of whether the funds have been commingled. Moreover, funds are available from which monetary relief can be granted to the prevailing party.
Asserting only that the sale proceeds have been commingled with the funds of the bankruptcy estate does not establish that some measure of effective relief is unavailable. Accordingly, Central’s appeal is not moot and this court should reach the merits of the appeal. In light of the majority’s decision and the fact that the economic result would be the same, it is sufficient to state that I would affirm the decision of the district court upholding the bankruptcy court’s finding that Central did not purchase the TBAs in the initial sale,