*434 SUMMARY ORDER
John Deep appeals the order of the district court (Kahn, J.) dismissing Deep’s appeal of the order of the United States Bankruptcy Court for the Northern District of New York (Littlefield, B.J.) granting the motion of the Chapter 7 trustees of BuddyUSA, Inc. (“BuddyUSA”) and AbovePeer, Inc. (“AbovePeer”) to sell property to the highest bidder, Boies, Schiller & Flexner, LLP (“Boies Schiller”), in a Chapter 7 bankruptcy proceeding. Deep also appeals the district court’s order denying his motion for stay of the sale as moot. Before this Court, Deep moves for a stay of sale pending appeal. We assume the parties’ familiarity as to the facts, the procedural context, and the specification of appellate issues.
“We exercise plenary review over a district court’s affirmance of a bankruptcy court’s decision. We review the bankruptcy court’s conclusions of law de novo and its findings of fact for clear error.” In re AppliedTheory Corp., 493 F.3d 82, 85 (2d Cir.2007) (citation omitted). Our review of the authorization of a sale in bankruptcy court is limited to whether the sale was made to a good faith purchaser unless “authorization and ... sale ... were stayed pending appeal.” 11 U.S.C. § 363(m); accord In re Gucci, 105 F.3d 837, 839 (2d Cir.1997). Deep claims that the sale has not been “consummated” because in response to a letter Deep sent to the trustees of AbovePeer and BuddyUSA and Adam Shaw, representative of Boies Schiller, asking if they intended to “effect the proposed sale urgently,” the trustee of AbovePeer circled a portion of the letter indicating that Deep would give fifteen days notice before filing a motion for stay and the AbovePeer trustee wrote “that is fine” on the letter. However, Deep sent the letter — and the trustee responded— after the bankruptcy court approved the sale. Furthermore, neither BuddyUSA nor Shaw responded to the letter. Therefore, this Court may only review whether Boies Schiller was a good faith purchaser of the property of BuddyUSA and Above-Peer. Nothing in the record indicates that Boies Schiller acted in bad faith in purchasing the property and there is no evidence that Boies Schiller inappropriately influenced the bankruptcy court’s scheduling of the sale. Therefore, Boies Schiller is a good faith purchaser. Because we affirm the district court’s order approving sale, Deep’s motion to stay the sale is moot.
Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED and the motion to stay the sale is DENIED as moot.