19-2143 (L)
In re: Pursuit Holdings (NY)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

**In re: Pursuit Holdings (NY), LLC,**

> *Debtor*.

---

**Pursuit Holdings (NY), LLC,**

> *Debtor-Appellant*,

**Michael Hayden Sanford,**

> *Appellant*,

> > v.

**Deborah J. Piazza, Chapter 7 Trustee,**

> *Trustee-Appellee*,

19-2143 (L)
19-2149 (Con)

1

**Michael Knopf, Norma Knopf, Delphi Capital Management, LLC,**

        *Appellees.*

FOR DEBTOR-APPELLANT:                         Daniel A. Osborn, Osborn Law, P.C., New York, NY.

FOR APPELLANT:                                MICHAEL HAYDEN SANFORD, pro se, Montauk, NY.

FOR TRUSTEE-APPELLEE:                    MICHAEL Z. BROWNSTEIN, Tarter, Krinsky & Drogin, LLP, New York, NY.

FOR APPELLEES:                                ERIC W. BERRY, Berry Law PLLC, New York, NY.

Appeals from an order of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals are **DISMISSED** as moot.

Appellants Pursuit Holdings (NY), LLC ("Pursuit") and its sole member, Michael Sanford, who is proceeding pro se, appeal the district court's opinion and order dismissing as moot their appeals from a bankruptcy court's approval of a settlement agreement in Pursuit's Chapter 7 bankruptcy proceedings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as necessary to explain our decision to dismiss both appeals as moot.

Pursuit and Sanford opposed a settlement proposed by Pursuit's trustee in the bankruptcy proceedings (the "Trustee"). The bankruptcy court approved the settlement, in which Michael

2

and Norma Knopf, the sole members of Delphi Capital Management, LLC ("Delphi"), agreed to give the bankruptcy estate $200,000 and release an approximately $10 million state-court judgment against Pursuit, and Pursuit agreed to give Delphi quitclaim deeds to three condominium units and withdraw its appeal of the state-court judgment. None of the parties requested a stay, and the exchange was later completed. Pursuit and Sanford appealed to the district court, which dismissed the appeals as moot under 11 U.S.C. § 363(m).

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *D.A.N. Joint Venture v. Cacioli* (*In re Cacioli*), 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). The bankruptcy court's conclusions of law are reviewed *de novo* and its findings of fact for clear error. *Id.* Its approval of a settlement is reviewed for abuse of discretion. *Motorola, Inc. v. Off. Comm. of Unsecured Creditors* (*In re Iridium Operating LLC*), 478 F.3d 452, 461 n.13 (2d Cir. 2007); *see Sims v. Blot* (*In re Sims*), 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal alterations, quotation marks, and citation omitted)). We review questions of jurisdiction d*e novo*. *See Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 436 (2d Cir. 2000).

With exceptions not relevant here, 11 U.S.C. § 363(b) provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363(m) provides:

3

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

*Id.* § 363(m). Section 363(m) "creates a rule of 'statutory mootness,' which bars appellate review of any sale authorized by 11 U.S.C. § 363(b) or (c) so long as the sale was made to a good-faith purchaser and was not stayed pending appeal." *Contrarian Funds LLC v. Aretex LLC* (*In re WestPoint Stevens, Inc.*), 600 F.3d 231, 247 (2d Cir. 2010) (citations omitted); *see also Licensing by Paolo, Inc. v. Sinatra* (*In re Gucci*), 105 F.3d 837, 838 (2d Cir. 1997) (holding that pursuant to § 363(m) appellate courts "have no jurisdiction to review an unstayed sale order once the sale occurs, except on the limited issue of whether the sale was made to a good faith purchaser"). Consistent with the "uniquely important interest in assuring the finality of a sale that is completed pursuant to 11 U.S.C. § 363(b) or (c) in bankruptcy proceedings," this rule encompasses the bankruptcy court's "entire Sale Order—not just the actual sale transaction." *In re WestPoint Stevens, Inc.*, 600 F.3d at 248. Although "[a] narrow exception may lie for challenges to the Sale Order that are so divorced from the overall transaction that the challenged provision would have affected none of the considerations on which the purchaser relied," the statutory mootness rule indisputably applies to challenges to any "integral provision of the Sale Order." *Id.* at 249.

We agree with the district court that the bankruptcy court's order approving the settlement agreement was an authorization of a § 363(b) sale and thus § 363(m)'s mootness rule applies.[1] Pursuit and Sanford argue to the contrary, noting that Judge Glenn's order approving the settlement

---

[1] Contrary to Appellants' arguments, we did not decide this question in adjudicating Appellees' motions to dismiss.

4

focuses on the requirements of Bankruptcy Rule 9019, and not § 363(b). The Trustee's motion papers, however, cite § 363(b) as a statutory predicate for the motion. Further, during the hearing on whether to approve the settlement, the Trustee's attorney reiterated that this was a hybrid sale and settlement and the bankruptcy court granted the motion in its entirety. Appellants do not identify any deficiency in the bankruptcy court's review of the proposed transaction or the determinations it made, nor do they identify any failure of the bankruptcy court to comport with the requirements of § 363(b). Moreover, the settlement of the claims at issue here was an integral part of the sale of estate property. Accordingly, we agree with the district court that the order in question was indeed a sale under § 363(b) to which § 363(m)'s mootness rule applies.

We also agree with the district court that the good-faith requirement of § 363(m) has been satisfied.[2] "Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings." *Licensing by Paolo, Inc. v. Sinatra* (*In re Gucci*), 126 F.3d 380, 390 (2d Cir. 1997). The focus of the inquiry is "the purchaser's conduct in the course of the bankruptcy proceedings," including "the purchaser's action in preparation for and during the sale itself . . . . [T]he good-faith requirement prohibits fraudulent, collusive actions specifically intended to affect the sale price or control the outcome of the sale." *Id.* Here, the bankruptcy court found that the parties reached the settlement through "arm's length negotiation" and that the Trustee acted in good faith during those negotiations. J. App'x at 1462. Although not containing an express finding of the purchasers' good faith, the bankruptcy court's findings are equivalent: an agreement

---

[2] At oral argument and in a letter submitted to the Court, Appellants suggest further relevant factual developments have occurred. These facts, however, are not part of the record on appeal. We therefore decline to consider any new allegations not raised in the bankruptcy court or the district court via an appropriate filing.

could not have been reached in "arm's length, proper negotiations" if one party was engaged in bad faith actions intended to affect its terms. J. App'x at 1460. The bankruptcy court did not clearly err in making these findings from the record before it.

Because these appeals are moot, we have no occasion to consider Appellants' additional argument that the district court abused its discretion in denying a further extension of time to oppose Appellees' motion to dismiss in that court. We have considered all of Pursuit's and Sanford's arguments and find them to be without merit. Accordingly, we **DISMISS** both appeals as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court